I must respectfully dissent from the decision reached by the majority.
Appellant's underlying argument in this case was that he was singled out from other council members who had committed similar acts and were not prosecuted. The State's position was that the only reason appellant was indicted as a result of his actions was because he submitted a phoney receipt. At the close of the State's case-in-chief, appellant was granted a judgment of acquittal on the charge involving tampering with evidence, thereby eliminating the above reasoning offered by the State.
Further, the majority concludes that appellant neglected to specifically illustrate how he was prejudiced by the actions of the grand jury and went on to dismiss appellant's argument that the actions taken by the grand jury resulted in an arbitrary and systematic exclusion of certain individuals from the jury venire. Granted, the majority, is correct in ruling under appellant's second assignment of error that African-American women of preschool aged children do not represent a distinctive group such as would be required pursuant to Maxwell, supra and its progeny. I believe, however, that appellant's arguments at least meet the thresholds set forth in Williams, supra and Reese, supra as such arguments did express a possible prejudice. In accordance withDuren, supra, appellant did establish a prima facie case. Although further analysis may inevitably reveal that appellant's claim does not withstand the test, he did initially set forth a primafacie case.
Combine the foregoing with the procedural history in this matter, wherein the case was passed from one special prosecutor to a second special prosecutor, and from one visiting judge, to a second visiting judge and to yet a third visiting judge. As such, I would reverse the trial court's decision and would remand this cause to the court for a new trial.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE